LEOCADIO MÁS, demandante y apelado, *v.* JUAN DE DIOS MARRERO, demandado y apelante.

No. 6371.—*Sometido:* Mayo 4, 1934. *Resuelto:* Mayo 24, 1934.

*Pablo Andino,* abogado del apelante; *G. Cruzado Silva,* abogado del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

En 18 de octubre de 1932 Leocadio Más inició una acción en la Corte de Distrito de San Juan, solicitando el deslinde de ciertas propiedades del demandante y del demandado Juan de Dios Marrero que lindan entre sí y que radican en el barrio de Santurce, de la ciudad de San Juan.

Se alegó que la demanda no aduce hechos suficientes para determinar una causa de acción. Esta excepción, sometida a la corte inferior por el demandante, sin haber comparecido a su discusión el demandado, fué declarada sin lugar, concediéndose un término de diez días a Juan de Dios Marrero para radicar su contestación. La resolución del tribunal fué notificada el 8 de diciembre de 1932, y el 17 del mismo mes el demandado compareció por su abogado, alegando exceso de asuntos profesionales y ocupaciones de carácter legislativo, y pidiendo una prórroga de veinte días para archivar su contestación. Concedida esta prórroga y vencida sin haber realizado el demandado ninguna otra gestión, en 9 de enero de 1933 solicitó el demandante que se anotara la rebeldía, lo que así se hizo.

Celebrada la vista del caso con la comparecencia y prueba que ofreció el demandante, la corte dictó su fallo en 30 de marzo del mismo año, declarando con lugar la demanda. Algunos días después el demandado, representado por el abogado Pablo Andino, solicitó que se dejase sin efecto la sentencia, alegando que se personó en la oficina del que fué su abogado, Sr. Dones Padró, y que éste le manifestó que "sus labores legislativas le habían usurpado el tiempo y su atención hasta el extremo de haber olvidado su obligación de contestar la demanda en tiempo hábil." La moción del demandado aparece respaldada por una declaración jurada donde ratifica las manifestaciones que pone en labios de su abogado y dice que a su juicio tiene una buena y justa defensa. También radicó dicho demandado una contestación donde niega por falta de información y creencia que el demandante sea

dueño de la finca que como de su propiedad describe en la demanda, y que en el caso de que lo sea, le falta en su superficie alguna parte o porción, y alega que viene poseyendo el inmueble que se describe en la demanda como de su propiedad quieta, pública y pacíficamente, sin interrupción alguna, contando la posesión de sus antecesores, por un período mayor de treinta años. La corte inferior declaró sin lugar la moción para que se dejase sin efecto la sentencia.

Alega el apelante que la corte incurrió en error al declarar que el motivo alegado bajo la excusa de la negligencia haya sido el estar ocupado su abogado en los meses de diciembre, 1932, y enero, 1933, en trabajos legislativos. Se arguye que la moción se basa en inadvertencia del abogado del demandado y que esta inadvertencia puede derivarse de estar dedicada su mente a trabajos legislativos, que ocuparon su atención de una manera tan intensa que la fijó únicamente en los deberes de legislador, olvidando los profesionales. Se alega además que la corte cometió error al concluir que la negligencia del abogado no puede ser dispensada al cliente.

Hemos visto que en diciembre se solicitó una prórroga por el abogado, Sr. Dones Padró, alegando exceso de asuntos profesionales y ocupaciones de carácter legislativo, y que el demandado en su moción expresó bajo juramento que su abogado le dijo que sus labores legislativas le habían usurpado tiempo y atención hasta el extremo de haber olvidado su obligación de contestar la demanda.

No es posible aceptar como buena una excusa que se basa en la preocupación mental de un legislador sobre sus labores legislativas. Si aceptáramos esta excusa, los legisladores autorizados al ejercicio de nuestra profesión podrían, en cualquier tiempo, bajo una alegación de que están preocupados mentalmente en asuntos relacionados con su representación en la Asamblea Legislativa, quedar dispensados de presentar, dentro del término señalado por la ley, sus alegaciones en los tribunales de justicia. Este es un caso en que la discreción judicial ha sido razonablemente ejercitada. El demandado

no ha presentado razón alguna que justifique que se deje sin efecto la sentencia. Los tribunales de justicia, por regla general y actuando juiciosamente, ejercen con liberalidad sus facultades discrecionales cuando se trata de abrir una rebeldía o de dejar sin efecto una sentencia pronunciada después que la rebeldía ha sido anotada. Es necesario, sin embargo, que se ofrezca alguna excusa razonable que pueda servir de base al ejercicio de la discreción judicial de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil. En este caso no aparece esa excusa. La corte inferior, al denegar la moción, se expresó en los siguientes términos:

A la vista de esta moción de apertura de rebeldía las partes comparecieron el día 18 de abril y argumentaron extensamente la cuestión. Sería faltarnos el respeto el que pudiéramos aceptar que en el mes de diciembre y enero esté la Asamblea de Puerto Rico en sesión, puesto que no ya los abogados, sino los meros ciudadanos, saben de memoria que la Legislatura de Puerto Rico se reúne el segundo lunes de febrero de cada año. No podemos aceptar tampoco que tal alegación puede por sí sola constituir causa de ignorancia o error, o negligencia excusable. El hecho cierto es que el abogado compareció en dos ocasiones; que el demandado sabía de tales comparecencias, y no es hasta que se dicte sentencia, practique su prueba el demandante y se le notifique la sentencia, a pesar de que él en su moción manifiesta que no ha sido notificado, que comparece con una moción solicitando la apertura de la rebeldía. Entre la fecha que se anotó la rebeldía por el demandante, o sea enero 10 de 1933, hasta el día 17 de marzo en que se celebró la vista de este pleito, transcurrieron más de dos meses. Pudo el demandado enterarse perfectamente de cuál era el estado de su asunto y no lo hizo. Seguir esta práctica haría interminables los juicios y sería inútil entonces que se anotaran rebeldías y se celebraran juicios, si la corte habría de abrir la rebeldía y permitir que se trabara la contienda que se debió trabar antes, solamente porque el demandado alegue que en los meses de diciembre y enero su abogado estaba ocupado en sesiones legislativas. No dice esto el abogado del demandado que lo representaba durante estos meses. Por otra parte, la sentencia nuestra solamente declara con lugar la demanda y ordena el deslinde del solar de acuerdo con la mensura practicada. Nada impide que el demandado al hacerse el deslinde defienda su derecho; pero ni el affidavit de mérito ni la contestación nos podrían dar razo-

nablemente base para permitir que después de resuelto este caso se abra de nuevo el mismo por la mera manifestación que nos hace el demandado en tales alegaciones.''

*Debe confirmarse la sentencia apelada.*